UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 17-CV-11009-RWZ


DUSAN PITTNER

v.

CASTLE PEAK 2012-1 LOAN TRUST and
SELENE FINANCE LP


MEMORANDUM & ORDER

January 31, 2020


ZOBEL, S.D.J.


Plaintiff, Dusan Pittner, complains that the defendants, Castle Peak 2012-1 Loan
Trust ("Castle Peak") and Selene Finance LP ("Selene Finance") have breached their
contract with him and violated Chapter 93A of the Massachusetts General Laws and the
Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). He now
moves for judgment on the pleadings (Docket # 58).

## I.    Background

Castle Peak owns the mortgage on a Florida property that Mr. Pittner and his
then-wife, Ludmila Pittnerova, bought in 2007; Selene Finance is the servicer thereof.
Mr. Pittner and Ms. Pittnerova both signed that mortgage, but only Ms. Pittnerova
signed the promissory note for the loan used to buy the property.

### A. Bankruptcy Proceedings

In March 2012, Mr. Pittner filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code.[1] 11 U.S.C. §§ 1101–1195. He submitted multiple Chapter 11 "plans" to that court, which ultimately confirmed the "Second Amended Plan" and directed Mr. Pittner to submit a formal order within a week at a hearing on July 17, 2013.

Both defendants actively participated in the Chapter 11 process. After the July 17, 2013 hearing, Selene Finance and Mr. Pittner further negotiated and agreed to raise the interest rate on the loan from 4% to 4.25%. The bankruptcy court allowed this amendment on July 25, 2013.

Mr. Pittner never submitted the form of order requested by the court, which, therefore, never entered a final order. The case was closed on April 7, 2014.

### B. Mr. Pittner's Dealings with Selene Finance[2]

For approximately one year after the plan confirmation, Mr. Pittner made payments to Selene Finance in accordance with the plan. He alleges that the company then rejected his attempts to make further payments (exactly when is unclear), which the defendants deny.

In May 2014, Selene Finance allegedly sent Ludmila Pittnerova a "Notice of Default and Intent to Accelerate." Mr. Pittner claims that he thereafter attempted to

---

[1] Mr. Pittner had earlier, in 2009, filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code. 11 U.S.C. §§ 701–784.
[2] Although both defendants, Selene Finance and Castle Peak, participate in this litigation, the relevant actions were taken by the former. I therefore refer to Selene Finance individually when discussing the underlying facts of the case and to "the defendants" when considering the entire litigation.

communicate with Selene Finance about the account on three different occasions, which the defendants deny.

### C.  Reopening the Bankruptcy Proceedings

In October 2015, the bankruptcy court reopened the Chapter 11 proceedings. On August 1, 2016, it finally entered the order confirming the Second Amended Plan, retroactive to July 17, 2013, the date it had been approved.   After Selene Finance allegedly stopped accepting his payments, Mr. Pittner commenced an adversary proceeding in the bankruptcy court against both defendants in which he accused them of 1) contempt of the Chapter 11 confirmation order; 2) breach of contract; 3) violation of Chapter 93A of the Massachusetts General Laws; and 4) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e).  Castle Peak and Selene Finance moved to dismiss the complaint for lack of subject matter jurisdiction in the bankruptcy court.  On appeal from the bankruptcy court's denial, this court allowed the motion to dismiss counts two through four for lack of subject matter jurisdiction. Regarding count one, the bankruptcy court subsequently ruled that the defendants had not acted in contempt of the confirmation order. The Bankruptcy Appellate Panel affirmed that decision, and Mr. Pittner appealed to the First Circuit, which has not yet acted on that appeal.

### D.  This Proceeding

After the breach of contract, Chapter 93A, and RESPA counts were dismissed in the bankruptcy proceedings, Mr. Pittner commenced this case in which he asserts those same claims. The matter is now before me on his motion for judgment on the pleadings.

## II. Discussion

Under Federal Rule of Procedure 12(c), the court may grant judgment on the pleadings when the nonmovant can prove no set of facts in support of a claim that would entitle it to relief. Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988). Thus, judgment on the pleadings can only be granted when the material facts are undisputed. Britt v. Colvin, 125 F. Supp. 3d 349, 357 (D. Mass. 2015). And in examining those facts, the court "must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in [its] favor." Feliciano v. State of R.I., 160 F.3d 780, 788 (1st Cir. 1998).

### A. Breach of Contract

Massachusetts law[3] requires that the plaintiff establish four elements to prove a breach of contract: "1) the existence of a valid and binding contract, (2) the plaintiff's willingness to perform or performance … (3) a breach by the defendant of the terms of the contract[, and (4)] …causation and the amount of damages" to the plaintiff. Amicas, Inc. v. GMG Health Systems, Ltd., 676 F.3d 227, 231 (1st Cir. 2012).

"Although the issue of contract formation is typically a question for the factfinder … where the evidentiary foundation for determining the formation of the parties' contract is either undisputed or consists of writings, contract formation is instead a question of law for the court." TLT Const. Corp. v. RI, Inc., 484 F.3d 130, 135 (1st Cir. 2007) (citations omitted). Here, the parties do not dispute that they all participated in the

---

[3] Although the Chapter 11 plan itself chooses Florida law for questions regarding the property at issue in this case, both parties appear to agree that the plaintiff's breach of contract claim is governed by Massachusetts law.

Chapter 11 plan, and the only question is whether that plan is a contract, a question of law appropriately decided at the judgment on the pleadings phase.

I decline to reach that question, however, because other factual disputes concerning the payments allegedly proffered by Mr. Pittner and allegedly rejected by Selene dictate denial of the motion as to this claim.

### B.   Massachusetts General Laws ch. 93A

"[U]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful in Massachusetts. Mass. Gen. Laws ch. 93A § 2.  In this case, however, the facts underlying the alleged practice are seriously in dispute.  Thus, whether the practice is "unfair" is disputed. Because the unfairness of a practice is a matter of fact, see Spence v. Boston Edison Co., 459 N.E.2d 80, 87 (1983), this claim is not amenable to judgment on the pleadings.

### C.  The Real Estate Settlement Procedures Act

The Real Estate Settlement Procedures Act ("RESPA") requires servicers of federally related mortgage loans to respond to "qualified written requests" ("QWR's") by borrowers on the loan. 12 U.S.C. § 2605(e).  Mr. Pittner claims three separate letters he sent to Selene Finance constituted QWR's, although he only provides a copy of one such letter.  In their response, the defendants deny these claims.  Because this disagreement leaves essential facts unresolved, the motion for judgment on the pleadings is denied as to this count as well.

## III. Conclusion

Given the outstanding factual disputes, Plaintiff's motion for judgment on the pleadings (Docket # 58) is DENIED.

| | |
|---|---|
| January 31, 2020 | /s/ Rya W. Zobel |
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |